## R. D. HYDEN v. THE STATE.

*No. 561. Decided December 17.*

1. **Theft—Continuance—Explanation of Recent Possession.**—On a trial for horse theft, where it appeared that defendant's first application for continuance was sought to obtain testimony which would establish that he had purchased the alleged stolen animals from one G., and that when his possession was first questioned, and during the existence of his possession, he claimed always to have purchased them from G., *held,* that the testimony was material, and the continuance should have been granted.

2. **Same—New Trial—Practice.**—Where a continuance for absent testimony has been overruled, and subsequently, when viewed in the light of the evidence adduced at the trial, such absent testimony appears to be material and probably true, the lower court should award a new trial.

3. **Same—Practice in Appellate Court as to Continuance.**—The appellate court will only revise the action of the lower court in refusing a continuance and new trial based thereon where it is made to appear that the defendant may have been prejudiced in his rights, and that a verdict more favorable to the defendant would have resulted had such absent testimony been before the jury.

4. **Same—Cumulative Testimony.**—That absent testimony is cumulalative is no reason why a first application for a continuance should be refused.

5. **Evidence — Impeachment of Witness — Contradictory Statements.**—That a witness did not state at a former trial everything which he states at the pending trial, is not a contradiction when there is no inconsistency between his statements on the two occasions, and when his attention was not called at the first trial to the new matter to which he speaks at the pending one. Lewis v. The State, 15 Texas Ct. App., 647.

6. **Charge—Circumstantial Evidence.**—Where there is no positive testimony that the accused was the original taker of the alleged stolen property, and the State relies for a conviction mainly upon recent possession, *held,* that it was error for the court to refuse a special instruction upon circumstantial evidence.

APPEAL from the District Court of Medina. Tried below before Hon. THOMAS M. PASCHAL.

The indictment charged the appellant with the theft of four horses, the property of A. Brieden. Upon the trial he was found guilty, and by the verdict and judgment his punishment was assessed at five years in the penitentiary.

The testimony in the case is very voluminous. The main features, stated briefly, are, that sometime after the horses were lost by the owner, they were gotten, by his son, in the pasture of one Redus, where defendant lived. Defendant had had the horses in his possession, claiming and using them openly for sometime, and stated that he had bought them from Glover. This was denied by Glover in his testimony, and he stated that the first time he saw the horses he was at defendant's house, and de-

fendant told him they were wet stock and were cramping him, and pro- posed to trade them to him. That he declined to trade for them, and that then the defendant tried to get him to take one of the horses and keep it for him, which he also declined to do. It was further shown by the testimony, that after these horses had been inquired about, and were being hunted for, Glover had made himself very active in trying to saddle the theft of the horses on the defendant. Defendant's witnesses, consisting mainly of the members of his family, testified positively to the fact that defendant had purchased the animals from Glover; and also testified that there were other persons present at the time, naming them. Defendant's motion for continuance was for the purpose of enabling him to procure the attendance of these other persons, who would also testify to his purchase from Glover. His application for continuance was over- ruled, and this is one of the main features of the case discussed in the opinion; it having been made one of the grounds in his motion for a new trial, which was also overruled.

*George Powell*, for appellant, filed an able and elaborate brief in the case.

No brief on file for the State.

DAVIDSON, Judge.—Appellant sought a first continuance for the testimony of Alice and James Tabor and Bud Hyden. By the Tabors he expected to prove that J. J. Glover brought to his residence, and sold to him, the horses alleged to have been stolen, and this was his first connec- tion with the horses; and by Hyden that he was first called upon for an explanation of his possession of the horses by said Hyden, and he then stated he had bought them from said Glover; and further, that he at all times, while in his possession, openly used the horses, claiming them by reason of the purchase from Glover. The State relied mainly for a con- viction upon defendant's recent possession of the horses, and Glover's denial of defendant's claim of purchase from him. This absent testimony was very material, and when considered in the light of the evidence ad- duced on the trial, we are of opinion that the court should have granted the new trial. The diligence was sufficient, as disclosed by the record before us; but, if it was not, still, if, upon hearing defendant's motion for a new trial, it appears from the evidence adduced on the trial that the absent testimony is of a material character, and probably true, the new trial should be awarded. Schultz v. The State, 20 Texas Ct. App., 315; Tyler v. The State, 13 Texas Ct. App., 205; Covey v. The State, 23 Texas Ct. App., 388; Jackson v. The State, 23 Texas Ct. App., 183; May- field v. The State, 23 Texas Ct. App., 645.

But it does not follow, because the evidence is material and probably true, that the appellate court will revise the action of the trial court.

Such revision will occur only in a case when, from the testimony adduced on the trial, the appellate court would be convinced of the fact that defendant may have been prejudiced in his rights by the refusal of the new trial, and that had the absent testimony been before the jury a verdict more favorable to the defendant would have resulted. Covey v. The State, 23 Texas Ct. App., 388; Browning v. The State, 26 Texas Ct. App., 432; Boyett v. The State, 26 Texas Ct. App., 689; Peace v. The State, 27 Texas Ct. App., 83; Self v. The State, 28 Texas Ct. App., 398; Hammond v. The State, 28 Texas Ct. App., 413.

If the testimony of the Tabors had been adduced on the trial, and had been credited by the jury, it is reasonably probable that the defendant would not have been convicted. Glover had strong reasons for fastening the theft upon defendant, and thus exculpating himself; and while it is true that the wife and mother of defendant testified to defendant's purchase from Glover, the prosecution attacked their testimony; and besides, the jury may have regarded or looked with suspicion upon their testimony by reason of the fact of their close relationship to defendant and strong interest in him. That the absent testimony was cumulative is not a reason why the first application for a continuance should be refused. Irvine v. State, 20 Texas Ct. App., 12; Wilson v. State, 18 Texas Ct. App., 576.

The State recalled defendant's witness Mrs. C. M. Hyden, for the purpose of laying a predicate for her impeachment, and asked her if she, on the trial of this case in the examining court at Devine, had stated that the horses in question, shortly after their purchase by defendant from Glover, had gotten away from him, and that he had pursued them, and requested Martin to assist him in bringing them back, and failing to secure his assistance, had obtained the help of a Mexican to aid him in driving them back home. Various objections were interposed to this question, which being overruled, the witness answered: "I thought I had testified about the horses getting away when I testified at Devine, and about my son's going after them. I don't know that I did. I thought I did. I don't know. It is a fact, any way."

The court qualified the bill by stating that "he admitted this testimony as much in rebuttal as impeaching." Redus was then called as a witness for the purpose of impeaching Mrs. Hyden, and, over defendant's objection, testified to the fact that she did not on said examining trial testify in relation to the matter inquired about. Mrs. Hyden testified on both trials to the fact that the horses had been purchased by defendant from Glover prior to the circumstance of their escape from him as narrated above. It does not appear that she was asked with reference to this matter on the examining trial. Speaking on this subject, this court has said: "That a witness fails to state everything that was done and said by the parties at the time of the occurrence of the fact to which he swears, is not

a contradiction.    To be such, he must make a statement in regard to the fact.    If he omits a fact, his attention should be drawn to it; or if he is asked if what he has stated was all that was said by the party or parties, and he answers in the affirmative, and upon the trial he embraces other facts in his evidence than those related by him before the inquest, the defendant would have the right to show this.    This, however, is not the state of the question in the case in hand.    As presented to us by the record, Holman simply testified to some facts which were omitted in his evidence before the inquest, and these not in conflict, but harmonious, with his evidence there given.''    Lewis v. The State, 15 Texas Ct. App., 647.

''A witness called by the opposite party can be discredited by proving that on the former occasion he made a statement inconsistent with his statement on trial, provided such statement be material to the issue. * * * A witness may be discredited by proof that he now states facts which, on a former trial, he omitted to state; and generally, whenever, on a former occasion, it was the duty of the witness to state the whole truth, it is admissible to show that the witness in his statement omitted facts sworn to by him at the trial.''    But it is '' only upon a denial, direct or qualified, by the witness, that such statements were made, that proof of them can be offered.''    Williams v. The State, 24 Texas Ct. App., 637; Whart. Crim. Ev., secs. 482, 483.

The strongest light in which this matter can be regarded in favor of the prosecution is, that Mrs. Hyden omitted to state on the examining trial the facts inquired about in the predicate laid for her impeachment. Her testimony on the final trial and the evidence omitted on the examining trial are entirely harmonious, and are in no way contradictory. On the examining trial she was not questioned with reference to the evidence inquired about in relation to which she was sought to be impeached on the final trial.    Had she, on such examining trial, been interrogated in relation thereto, and failed or refused to testify in regard to it, or had then denied it, or had been cautioned to tell all she knew in reference to the matters then under investigation, and had failed or refused to do so, the impeachment would have been permissible.    But, on the other hand, if she had on such examining trial testified as she did on the final trial, and at the time of the proposed impeachment, or if she had not on such examining trial been interrogated in reference to that matter, and had not been requested specially to state all the facts within her knowledge touching such matters, she could not be so impeached.    The court erred in this ruling.

It is contended by appellant that the court should have charged the law applicable to a case of circumstantial evidence, and in failing to do so committed such error as will require a reversal of the judgment. There is no positive evidence in the record that appellant was the original taker of the horses, but the State relied for conviction of defendant

mainly upon the fact of his possession of the horses recently after their theft, together with such other inculpatory circumstances as were adduced to show such possession a guilty one.

We are of opinion that under the facts in this case the omitted charge should have been given. Willson's Crim. Proc., sec. 2342. For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.