### LA GRONE v. STATE.

(Court of Criminal Appeals of Texas. Feb. 8, 1911. Rehearing Denied March 8, 1911.)

1. CRIMINAL LAW (§ 1111*)—APPEAL—BILL OF EXCEPTIONS—QUALIFICATION BY COURT.

The court's qualification or explanation of the bill of exceptions, so far as modifying the recitals therein, will control them.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1111.*]

2. CRIMINAL LAW (§ 1109*)—APPEAL—BILLS OF EXCEPTIONS—ESTOPPEL.

The party accepting and filing the bill of exceptions, qualified or explained by the court, is estopped to deny that it is correct.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2902; Dec. Dig. § 1109.*]

3. CRIMINAL LAW (§ 415*)—EVIDENCE—DECLARATIONS.

The testimony having placed defendant where he could and probably did hear a conversation between deceased and witness, in

which deceased told of defendant having cursed and threatened him, the statement was admissible; the question whether defendant heard it being for the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 949; Dec. Dig. § 415.*]

4. CRIMINAL LAW (§ 412*)—CIRCUMSTANTIAL EVIDENCE—DECLARATIONS.

There being, up to the time defendant took the stand, no positive proof that he killed deceased, the state, which was endeavoring to make a case against him by circumstantial evidence, was entitled to introduce a conversation between defendant and his employer on the morning after the killing, immediately after which defendant, though he had promised to work that day, fled the country, in which the employer said that he had been told that defendant was squabbling with some of the boys on the road the day before, and told defendant he must not squabble with the other men, and defendant answered that he had not had any trouble.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 412.*]

5. CRIMINAL LAW (§ 730*)—TRIAL—REMARKS OF DISTRICT ATTORNEY.

Defendant may not complain of the remarks of the district attorney that he was a criminal and murderer, where at his request the court instructed that the remarks were improper and should not be considered by the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. § 730.*]

6. CRIMINAL LAW (§ 822*)—INSTRUCTIONS—CONSIDERATION AS A WHOLE.

As to whether the charge on self-defense presented the view that the circumstances must be viewed from defendant's standpoint, the whole paragraph on the subject must be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1990–1995, 3158; Dec. Dig. § 822.*]

7. CRIMINAL LAW (§ 1172*)—APPEAL—HARMLESS ERROR—INSTRUCTION.

Defendant may not complain of a charge because too favorable to him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3160; Dec. Dig. § 1172.*]

8. CRIMINAL LAW (§ 1090*)—APPEAL—NECESSITY OF BILL OF EXCEPTIONS.

The action of the court in admitting evidence cannot be reviewed, in the absence of bills of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2816; Dec. Dig. § 1090.*]

9. CRIMINAL LAW (§ 780*)—INSTRUCTIONS ON ACCOMPLICE TESTIMONY.

In the absence of anything in the record to suggest that witnesses were accomplices of defendant, failure to instruct on accomplice testimony was not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1859; Dec. Dig. § 780.*]

10. CRIMINAL LAW (§ 1099*)—APPEAL—STATEMENT OF FACTS—FILING IN DUPLICATE.

The law now requires the statement of facts to be filed in duplicate in felony cases, and the original to be sent with the papers to the appellate court.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1099.*]

Appeal from District Court, Wood County; R. W. Simpson, Judge.

Walter La Grone was convicted of murder, and appeals. Affirmed.

Jones, Cathey & Jones, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. The appellant was charged with murder in the district court of Wood county, found guilty, and sentenced to the penitentiary for life.

1. A witness, Dave Hawkins, was permitted to testify: "I had a conversation with L. P. Adams (the deceased). He told me that Walter La Grone (the defendant) had cursed him that morning. He said Walter was mad at him about something; he did not know what it was, unless Walter was jealous of deceased and Ziller Morris. L. P. Adams told me that defendant had told him (Adams) that he was going to kill him. Walter La Grone (defendant) was just across the public road talking to Lincoln Pigg. He was close enough to have heard it, if he was listening. He was in about 15 feet of us." Appellant objected to the testimony, as shown by the bill of exception, on the ground "that it was a conversation between deceased and the witness, and the witness did not and could not testify that defendant heard it." The court approves the bill with this qualification: "From the testimony of the witness I was of the opinion that the conversation between deceased and witness could have been and was heard by defendant." In Hardy v. State, 31 Tex. Cr. R. 292, 20 S. W. 561, it is held "that the court's qualification or explanation of the bill of exceptions will control the recitals in the bill, in so far as such explanation modifies such recitals," and in Jones v. State, 33 Tex. Cr. R. 7, 23 S. W. 793, it is held that, where the party accepts and files the bill, he is estopped to deny that it is incorrect. The testimony places the defendant in position where he could and probably did hear the statement, and it is a question for the jury to determine whether or not he heard it. In Holden v. State, 18 Tex. App. 106, Judge White says, in passing on a similar objection: "In this case it is proven that the admission was made in the presence of defendant, and he was close enough to have heard it. * * * Under such state of case the evidence was admissible, and it may be inferred that he did hear it, and the evidence was admissible against him, even though at the time he had not been charged with or prosecuted for complicity in the crime," citing 2 Wharton, Ev. (2d. Ed.) § 1136. The court gave the special charge requested by defendant on this matter, that, even though the jury believed from the evidence that defendant threatened the life of deceased at the forks of the road, still defendant had the right to defend himself, if he was attacked by deceased with an axe.

2. Objection was also made to admitting the testimony of S. H. Hindman, who testified that on the morning after the killing he had a talk with defendant, who was working

for him, and in that conversation he had said to defendant· that he (the witness) had been told that defendant had been "squabbling with some of the boys on the road the day before," and that he told him he must not squabble with the other men, when defendant answered that he had not had any trouble. The judge in approving this bill states· that the evidence showed the defendant, although he had promised to work that day, immediately fled the country after this conversation. Up to the time defendant took the stand in his own behalf, there was no positive proof that he had killed deceased the day before. The state was endeavoring to make a case against him by circumstantial evidence, and we think the testimony admissible, in the light of all the testimony. Ballew v. State, 36 Tex. 98; Langford v. State, 17 Tex. App. 445, and cases cited.

3. The appellant reserved an exception to the remarks of the district attorney, when he said that defendant was a criminal and a murderer, and requested a special instruction, which was given by the court, that the jury "would not consider the remarks of the district attorney that defendant is a criminal and a murderer, because the same was improper." The remarks may have been the deductions of the attorney from the evidence. Certainly there was no error of which the appellant could complain when the court gave the special instruction at his request. Barkman v. State, 41 Tex. Cr. R. 105, 52 S. W. 73. In the case of Thomas v. State, 33 Tex. Cr. R. 608, 28 S. W. 534, Judge Hurt held that under the facts of that case it was not improper for the district attorney to state that "the defendant murdered F. while he was asleep in bed, and, after brutally killing him with an axe, the defendant robbed him of his money, his clothes, his horse and buggy, and he should suffer the death penalty." In this, if the jury believed the state's theory, the defendant ought not to complain of the punishment inflicted.

4. Complaint is made that the court's charge in presenting the law of self-defense restricted the right of defendant to kill deceased to the very time the deceased was assaulting him, and did not present the view that the circumstances must be viewed from defendant's standpoint. If we should look alone to the first section of paragraph 22 of the charge, the criticism might seem to be well taken, but when we read the entire paragraph presenting the law of self-defense, the court in the third section of said paragraph tells the jury that, if they find beyond a reasonable doubt that defendant killed deceased, "it is not essential that there should have been any actual or real danger to defendant's life or person. If deceased made an unlawful attack upon defendant, or did any act or made any demonstration which produced in the mind of defendant, viewing al the facts from defendant's standpoint, a reasonable expectation or fear of death or some serious bodily injury, and if defendant kiled deceased under such reasonable expectation or fear arising from such acts or demonstrations, he was justified in so doing, and in law it would make no difference whether the .danger to defendant's life was real or imaginary, if it had the appearance to him of being real, viewed from his standpoint." Taking the evidence into consideration, we think the court presented the law on this question as favorably to defendant as he could ask, and if, as suggested by defendant, the charge is more favorable than the facts justified, defendant cannot complain. Green v. State, 32 Tex. Cr. R. 298, 22 S. W. 1094.

5. The above are all the grounds presented in appellant's brief; but in looking into the record we find other grounds stated in the motion for a new trial. We have carefully considered all of them, and do not think the court's charge subject to the criticisms contained in the motion. The court fairly presented the law applicable to murder in the first and second degree, manslaughter, and self-defense; the jury returning a verdict of murder in the first degree, and the punishment at life imprisonment. There are no bills of exception in the record upon which to predicate the assignments of error contained in first, second, fourth, fifth, seventh, eighth, ninth, tenth, and eleventh grounds of the motion for the new trial, and this court cannot review the action of the court in admitting the testimony. There is nothing in the record to suggest that witnesses Lee Hall, and Dave Hawkins were accomplices of defendant in the commission of the offense, and the court did not err in failing to charge on accomplice testimony.

6. In this case the statement of facts was copied in the transcript. The Assistant Attorney General filed a motion to strike out the statement of facts. We granted a writ of certiorari, requiring the clerk to send up the original statement of facts in this case, but we want to call the attention of attorneys to the fact that the law now requires the statement of facts to be filed in duplicate in felony cases, and the original to be sent with the papers to this court. We do not desire that any one be deprived of his right of appeal, but we must insist upon a compliance with the law.

Finding no error in the record, the judgment is affirmed.