## J. B. Thomas v. The State.

No. 4171. Decided October 11, 1916.

**1.—Murder—Sufficiency of the Evidence—Manslaughter—Mutual Combat.**

Where, upon trial of murder and a conviction of manslaughter, the evidence raised the issue of mutual combat and was otherwise sufficient to sustain the conviction, under a proper charge of the court, there was no reversible error.

**2.—Same—Continuance—Other Witnesses—Waiver—Practice on Appeal.**

Where defendant's application for a continuance was overruled because the defendant refused the court's offer to wait for the witness whom defendant had summoned, and the testimony of the other absent witnesses could have been shown by other witnesses in attendance and was probably not true, and no affidavit was attached to the motion for new trial of the alleged absent witnesses, there was no reversible error.

**3.—Same—Rule Stated—Discretion of Court—First Application for Continuance.**

It is the well settled rule in this State that the first application for a continuance as well as subsequent ones, are addressed to the sound discretion of the court, and should not be granted as a matter of right, and where the court finds that the absent evidence is not of a material character, or not probably true, there is no error in refusing a new trial.

**4.—Same—Rule Stated—Motion for New Trial—Practice on Appeal.**

A judgment of conviction will not be reversed because of a refusal of a continuance or postponement, and unless it is made to appear by the motion for a

new trial in the light of the evidence adduced at the trial that the alleged absent testimony is relevant, material, and probably true, there is no reversible error in overruling the motion. Following Koller v. State, 36 Texas Crim. Rep., 496, and other cases.

### 5.—Same—Rule Stated—Practice on Appeal.

Unless it appears on appeal that, in connection with the evidence adduced upon the trial, the alleged absent testimony would have produced a verdict more favorable to the defendant than was rendered, the same is not reversible error, even though the defendant may have probably been prejudiced in his rights by the overruling of the motion for continuance and new trial. Following Stewart v. State, 76 Texas Crim. Rep., 52, and other cases.

Appeal from the District Court of Young. Tried below before the Hon. Wm. N. Bonner.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. D. Brown* and *Kay & Akin,* for appellant.—On question of refusing continuance: Hardin v. State, 40 Texas Crim. Rep., 208; Beard v. State, 55 id., 154; Jones v. State, 55 id., 123; Sharp v. State, 134 S. W. Rep., 333; Blake v. State, 38 Texas Crim. Rep., 377; Mason v. State, 57 Texas Crim. Rep., 319.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of continuance: Grimes v. State, 170 S. W. Rep., 523; McCullough v. State, 35 Texas Crim. Rep., 268; Henry v. State, 38 id., 306; Vernon C. C. P., p. 323.

PRENDERGAST, PRESIDING JUDGE.—Upon a trial under an indictment for murder appellant was convicted of manslaughter and assessed the lowest punishment.

We think the evidence as a whole, and especially that of appellant's witness Estell Morrison, a little girl ten years of age, raised the issue of mutual combat and that the court did not err in submitting that issue.

We see no necessity of making a statement of the testimony. It is amply sufficient to sustain the conviction.

The only bill of exceptions appellant has in the record is to the overruling of his motion for a continuance. His application therefor was on account of the absence of J. A. Davis and Robert Tunnel of Runnels County and W. F. Lanning of Tarrant County. He alleged that Davis saw the killing and saw the deceased advancing in an angry and threatening manner upon him and that he was retreating and had been retreating up to and at the instant of the killing, and that he will testify to facts showing that deceased was the aggressor. By the witness Tunnel he claimed he expected to establish that deceased on more than one occasion had threatened defendant with serious bodily injury; by Lanning, that he saw the difficulty and heard deceased say to appellant in

his presence and hearing and just before the killing: "Damn you I will just fix you now."

The record shows that there were introduced several wholly disinterested and unbiased witnesses on each side who saw the difficulty and killing,—some of them right at the parties. It also shows that appellant had had subpoenaed and there were in attendance upon the court during the trial his own son, a young boy about seventeen or eighteen years old, and John Stone, both of whom were eyewitnesses to the fight and killing, but introduced neither of them. He did not himself testify. That before the judge overruled his motion for a continuance, the judge by phone communicated with the sheriff of Runnels County and learned from him that he had subpoenaed said Davis, and that Davis was on his way to attend the trial and would reach there that night. That the witness Tunnel was sick and could not attend. That on the day of the trial, before it was concluded, the judge informed the appellant and his attorneys that the witness Davis would arrive in time to testify the next morning and offered to postpone the conclusion of the trial until his arrival, so that he could testify, but appellant did not agree to this; so that the trial proceeded and went to the jury late that evening. That on the next morning the witness Davis appeared in court, whereupon, while the jury was out and before it returned a verdict, the witness was summoned before the court to ascertain what his testimony would be. Appellant did not then ask that the jury be permitted to hear the witness' testimony. In the court's qualification to appellant's bill, he attaches in question and answer form the statement of the testimony of said Davis heard at the time. In our opinion, as in the opinion of the trial judge, this did not bear out what appellant alleged in his motion he would testify. The court also states in this qualification, which is a fact as shown by the record, that no one testified to any threat of any kind having been made, and there was no intimation of any threat from any source. The witness Lanning was not procured, nor in any way heard from, so far as this record shows. The trial was had and the verdict and judgment rendered March 15th. Appellant filed a motion for a new trial on the same day and an amended motion on March 20th. The State contested his motion on the ground of the overruling of his motion for a continuance, and the court heard and overruled it on March 30th. At no time did appellant attach the affidavit of either of said absent witnesses or show any reason why he did not do so, showing what they would testify.

Under the circumstances the court did not err in overruling nis motion for a continuance nor in overruling his motion for a new trial. Under the circumstances he clearly waived any right to have said witness Davis testify. It is altogether improbable that the witness Tunnel would have testified to any threat, but if so, the application does not show when and where nor under what circumstances the claimed threat was made, nor that it was communicated to appellant before he killed

deceased or that he knew anything about it or that he had ever heard of it, nor that whatever the threat was, deceased did or said anything at the time to indicate that he was then attempting to execute any supposed threat. No intimation by any of the other eyewitnesses to the whole fight and killing indicated that deceased at the time said to appellant: "Damn you, I will just fix you now," as it is claimed the absent witness Lanning would have testified. It is altogether improbable that he would have so testified. If such had been a fact, it seems that appellant would have introduced his son or witness Stone, or both, to have testified to the same.

It is the well settled law of this State, both by statute and the decisions, that the first continuance is addressed to the sound discretion of the court "and shall not be granted as a matter of right." Then that the court, after hearing the whole trial and all the evidence, on a motion for a new trial, shall reconsider the matter, and if he thereupon concludes that the evidence of the absent witnesses was not of a material character, or that their claimed testimony was not probably true, then he commits no error in refusing a new trial.

Judge White in his Ann. C. C. P., sec. 647, lays down the correct rule as follows: "The court on appeal will not revise or reverse the judgment of the lower court refusing a continuance or postponement, and the overruling of the motion for new trial based upon the application for continuance or postponement, unless it is made to appear by the evidence adduced at the trial that the proposed absent testimony was relevant, material, and probably true. Koller v. State, 36 Texas Crim. Rep., 496; Lindsey v. State, 35 Texas Crim. Rep., 164; Moseley v. State, 35 Texas Crim. Rep., 210; Tate v. State, 35 Texas Crim. Rep., 231; McGrath v. State, 35 Texas Crim. Rep., 413; Wilkins v. State, 35 Texas Crim. Rep., 525; Waul v. State, 33 Texas Crim. Rep., 228; King v. State, 34 Texas Crim. Rep., 228; Cline v. State, 34 Texas Crim. Rep., 415; Wyley v. State, 34 Texas Crim. Rep., 514; Neel v. State, 33 Texas Crim. Rep., 408; Russell v. State, 33 Texas Crim. Rep., 424; Shaw v. State, 32 Texas Crim. Rep., 155; Hyden v. State, 31 Texas Crim. Rep., 401; Brookin v. State, 26 Texas Crim. App., 121; Browning v. State, 26 Texas Crim. App., 432; Boyett v. State, 26 Texas Crim. App., 689; Brooks v. State, 24 Texas Crim. App., 274; Jackson v. State, 23 Texas Crim. App., 183; Hennessey v. State, 23 Texas Crim. App., 340; Covey v. State, 23 Texas Crim. App., 388; Rice v. State, 22 Texas Crim. App., 654; Miller v. State, 18 Texas Crim. App., 232; Mathews v. State, 17 Texas Crim. App., 472; Beatey v. State, 16 Texas Crim. App., 421; Wooldridge v. State, 13 Texas Crim. App., 443; Word v. State, 12 Texas Crim. App., 174; Clampitt v. State, 9 Texas Crim. App., 27; Dowdy v. State, 9 Texas Crim. App., 292."

In the next subdivision he also lays down another correct rule, as follows: "The court on appeal will not reverse a judgment on account of the refusal of a postponement or continuance unless in connection

with the other evidence adduced on the trial they are impressed with the conviction not merely that the defendant might probably have been prejudiced in his rights by such ruling, but that it was reasonably probable that if the absent testimony had been before the jury a verdict more favorable to the defendant would have resulted. Land v. State, 34 Texas Crim. Rep., 330; Gallagher v. State, 34 Texas Crim. Rep., 306; Easterwood v. State, 34 Texas Crim. Rep., 400; Sinclair v. State, 34 Texas Crim. Rep., 453; Bluman v. State, 33 Texas Crim. Rep., 43; Goldsmith v. State, 32 Texas Crim. Rep., 112; Hyden v. State, 31 Texas Crim. Rep., 401; Hammond v. State, 28 Texas Crim. App., 413; Frizzell v. State, 30 Texas Crim. App., 42; Pruitt v. State, 30 Texas Crim. App., 156; Ellis v. State, 30 Texas Crim. App., 601; Browning v. State, 26 Texas Crim. App., 432; Boyett v. State, 26 Texas Crim. App., 689; Covey v. State, 23 Texas Crim. App., 388; Self v. State, 28 Texas Crim. App., 398; Phelps v. State, 15 Texas Crim. App., 45." See also on both propositions, Furnace v. State, 79 Texas Crim. Rep., 59, 182 S. W. Rep., 454; Stacy v. State, 77 Texas Crim. Rep., 52, 177 S. W. Rep., 114.

There is no other question raised in such a way that we can consider it.

The judgment is affirmed.

*Affirmed.*