### T. N. BRYANT v. THE STATE.

#### No. 4690. Decided December 12, 1917.

**1.—Cattle Theft—Continuance—Practice on Appeal.**

Where the application for continuance should have been granted on equitable grounds at least, the same need not be passed upon, as the judgment is reversed and the cause remanded on other grounds.

**2.—Same—Evidence—Impeaching Testimony.**

Where the prosecuting witness had testified on examining trial that he told of all the cattle deals in which defendant was implicated but omitted to testify about the animal described in the indictment, the court should have permitted defendant to have asked said witness the question as to whether or not he had told of all the deals in which defendant was implicated. Following Lewis v. State, 15 Texas Crim. App., 647, an other cases.

Appeal from the District Court of Young. Tried below before the Hon. Wm. N. Bonner.

Appeal from a conviction of cattle theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Thomas G. Binkley,* for appellant.—Cited Wyatt v. State, 42 S. W. Rep., 598; Adams v. State, 52 Texas Crim. Rep., 13, 105 S. W. Rep., 197; Deneaner v. State, 58 Texas Crim. Rep., 624, 127 S. W. Rep., 201.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of cattle theft, his punishment being assessed at two years confinement in the penitentiary.

The State's case is made practically through the testimony of the accomplice, Willis. The circumstances of the corroboration are weak. Willis is contradicted by the defendant and his testimony. Appellant denied having anything to do with the animal in any criminal way.

Appellant made an application for a continuance for several named witnesses, alleging that the court prevented the clerk from issuing process. It seems from the statement the application for process was not satisfactory to the judge and the clerk was ordered by the court not to issue it until the application for process was made fully sufficient in the estimation of the trial judge. It is also claimed that appellant was sick at the time of the trial and was in such condition he ought

not to have been put to trial. It is stated by the court that flight was not shown in the case. The writer is not clear about that phase of it. However, we are of opinion the continuance ought to have been granted; at least it is a strong equitable showing if not fully legal; but whether that be sufficient to reverse the case or not may not be here decided as the testimony can be had upon another trial.

Appellant proposed to impeach the witness Willis. The bill shows that the appellant proposed to prove by J. L. Brady that he was present at the examining trial of the defendant, who was charged with cattle theft and bound over to the grand jury; that the prosecuting witness, Willis, testified on that examining trial, and while so testifying told of all the cattle deals in which defendant was implicated with prosecuting witness, and that at said examining trial Willis did not mention the little red Jeffery cow (the one set out in the indictment) in connection with Bryant, and did not give any testimony concerning said cow; that prosecuting witness Willis was asked the question by counsel for the defense as to whether or not he had told of all deals in which defendant was implicated and Willis answered that he had. The State objected because the examining trial was not for the theft of the Jeffery cow and no proper predicate was laid for the introduction of this testimony, and, therefore, the evidence was inadmissible. We do not believe these reasons assigned by the State were legally sufficient. The question has been decided favorably to appellant in Lewis v. State, 15 Texas Crim. App., 647, and Hyden v. State, 31 Texas Crim. Rep., 401.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*