JACKSON WRIGHT v. THE STATE.

No. 6216.  Decided December 21, 1921.

Rehearing denied January 18, 1922.

**1.—Assault to Murder—Statement of Facts—Ninety Days' Limit.**

Without further discussion this court holds that the statement of facts in the instant case being filed in the trial court within 90 days after adjournment was not filed too late, and the State's motion to strike out is overruled.

**2.—Same—Sufficiency of the Evidence—Question of Fact.**

Where, upon trial of assault to murder, the evidence was sufficient, although conflicting, to support the conviction, there was no reversible error.

**3.—Same—Rehearing—Aggravated Assault—Charge of Court—Fundamental Error.**

Where appellant in his motion for rehearing contended that even in the absence of an exception to the charge of the court for failure to submit the law of aggravated assault, this court should have held such failure to be fundamental error and should have ordered a reversal thereon, held: under the present practice and statute the failure of the court to submit the law of an offense supposed to be included in the one charged in the indictment cannot be held by this court to be fundamental, in the absence of proper objections and exceptions; besides, the jury did not give the appellant the lowest penalty, and it would not be likely that the court's failure to charge on aggravated assault would have injured the appellant.

Appeal from the District Court of Walker.  Tried below before the Hon. G. A. Platt.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*M. E. Gates,* and *A. T. McKinney, Jr.,* for appellant.—On question of insufficiency of the evidence: Pruitt v. State, 20 Texas Crim. App., 129; Davis v. State, 15 id., 475.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Walker County of assault to murder, and his punishment fixed at five years in the penitentiary.

The State objects to our consideration of the statement of facts herein upon the ground that same was filed too late in the trial court. The record discloses that the trial term of the lower court adjourned December 11, 1920; that an order granting appellant sixty days after adjournment in which to file statement of facts, was duly entered. The statement of facts was filed in said court February 14, 1921, which by count was sixty-five days after adjournment.  In Maxwell v. State, 69 Texas Crim. Rep., 248, 153 S. W. Rep., 324, we said:

"While in the Code of Criminal Procedure there is no time fixed for filing the transcript in this court, yet the Code provides that upon the adjournment of the court the clerk shall immediately make out and forward the transcript to this court, and that transcripts in criminal cases shall be made out before the transcripts in civil cases; so under no construction can it be held that the Legislature intended to grant more than 90 days in which to file a statement of facts in the trial court."

This we think announces a correct rule under the last clause of Article 845, Vernon's C. C. P., which is as follows:

"Provided that any statement of facts filed before the time for filing the transcripts in the appellate court expires, shall be considered as having been filed within time allowed by law for filing same."

Without further discussion we hold that the statement of facts in the instant case, being filed in the trial court within 90 days after adjournment, was not filed too late, and that the State's objection to its consideration is not tenable.

There was no exception taken to the charge of the trial court, and no bills of exception appear in the record. The only question before us then is the sufficiency of the evidence to support the verdict. The State's testimony shows that the injured party was walking along the road with his gun on his shoulder and met appellant. Said witness testified that when he looked up and saw appellant, he looked right into the barrels of a double-barrelled shotgun. He made an effort to get his gun down as he did so appellant shot him, and then shot him again. Said witness explained that appellant had threatened to kill his wife, who was a daughter of said witness, and that he had gotten word from the woman who employed his daughter to the effect that appellant had gone to her house and had tried to get appellant's wife out and she would not go, and that appellant had been for two or three hours sitting by the road which said woman had to travel, and that she, the employer of appellant's wife, wanted witness to go to her house and take his daughter home. Said witness stated that he was going to the place where his daughter worked when he met appellant and the shooting took place. This witness said that when he saw appellant with the gun pointed at him, he tried to get his gun down to shoot appellant, and would have done so if he could; that after he was shot he cocked his gun and tried to bring it up and shoot, but being shot in the arm he was unable to get his gun up and it went off before he could raise it.

We think the record does not present a case in which the verdict is without support. The appellant's testimony was contradictory of that of said prosecuting witness, but all matters of mere conflict of evidence are for settlement by the jury.

Finding no reversible error the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING

January 18, 1922.

LATTIMORE, JUDGE.—Appellant contends that even in the absence of an exception to the charge of the court for failure to submit the law of aggravated assault, this court should have held such failure to be fundamental error and should have ordered a reversal hereof.

We are not inclined to think, under the present practice and statutes, that the failure of the court to submit the law of an offense supposed to be included in the one charged in the indictment, could be held by us to be fundamental in the absence of some objection or exception made in the trial court reasonably calculated to call the attention of the court below to what appellant now claims to have been a hurtful omission. As we understand the purpose of the amendatory statute in this regard, it is intended to place certain burdens upon the accused and his attorneys of examination of the court's charge before same is presented to the jury, and of calling attention to matters of omission and commission wherein it is thought change should be made. It is not now claimed that any exceptions were taken to the failure of the court to submit the law of aggravated assault. The jury did not give to the appellant herein the lowest penalty for assault with intent to murder, and we would hardly think it likely that in such case he would be injured by a failure of the trial court to submit the issue of aggravated assault. The other matters raised by appellant in his motion do not appear to us to call for any further discussion than as had by us in our original opinion.

The appellant's motion for rehearing will be overruled.

*Overruled.*