### SAM C. HARDIN V. THE STATE.

No. 9941. Delivered March 17, 1926.

Rehearing denied May 12, 1926.

**1.—Manslaughter—Requested Charge—Covered by Main Charge—Properly Refused.**

Where, on a trial for manslaughter, appellant requested a special charge that if he fired the first shot in self-defense, and continued to fire, and it was a continuance transaction, to acquit. This was not a correct presentation of the law, and the principle invoked was correctly and fully covered in the main charge of the court, wherein they were told that if appellant was justified in firing the first shot, he would be justified in continuing to fire so long as it reasonably appeared to him that his life or person was in danger at the hands of the deceased.

**2.—Same—Charge of Court—Entire Charge Considered.**

Appellant contends that paragraph seventeen of the court's charge is restrictive of his right of self-defense. Charges must be construed in their entirety to determine the correctness of any particular part, and paragraph fourteen of the same charge covers all of the acts and conduct of the deceased, and correctly puts appellant's right to act in self-defense upon the basis of his reasonable expectation (or belief) or fear of death, or serious bodily injury at the hands of deceased.

**3.—Same—Charge of Court—Held Correct.**

Where, on a homicide trial, one who continues alleged efforts to defend against or repel attacks of another, whose acts in connection with the alleged attack are construed to be an abandonment of the difficulty, can not be bound to know what the purpose and intent of his adversary is, and if it reasonably appeared to him that his adversary had in good faith abandoned the difficulty, he could not further pursue and shoot said adversary. That part of the opinion in the case of Coker v. State, 59 Tex. Crim. Rep. 241 which holds it was error to charge that "if it reasonably appear to the defendant that deceased had abandoned same" is overruled.

**4.—Same—Requested Charge—On Weight of Evidence—Properly Refused.**

Where there was no evidence as to which of the three shots fired by appellant was the first fatal shot, appellant's requested special **charge**

attempting to direct the attention of the jury to an acquittal or conviction predicated on such "first fatal shot" would be on the weight of the evidence, and was properly refused.

### 5.—Same—Charge of Court—On Reasonable Doubt—Held Correct.

Where the law of reasonable doubt was stated in connection with every paragraph of the charge, applying the law to the facts, in presenting the law of murder, of manslaughter, and also of self-defense, it was not necessary to charge on reasonable doubt as between manslaughter and self-defense.

### 6.—Same—Charge of Court—On Self-Defense—Not Restrictive.

Where there is no evidence of threats, former difficulties, prior grudges, etc., the use of the words "just prior thereto" in the charge affirmatively submitting the theory of self-defense, was not restrictive, and did not affect the consideration of the jury of appellant's testimony that deceased owned a pistol, and said at the beginning of the fatal difficulty, "I have got as good or better gun as you," it being uncontradicted that the deceased was unarmed.

### 7.—Same—Charge of Court—On Manslaughter—No Error Shown—Where Conviction is for Manslaughter.

Where, on a trial for murder which results in a conviction for manslaughter, complaints of errors in the charge defining and in reference to manslaughter, which do not impinge on appellant's right of self-defense, will not be discussed, or reviewed.

### 8.—Same—Argument of Counsel—No Error Shown.

Where objection is raised to the argument of counsel assisting the state in the prosecution, to his statement that if appellant desired to prove his good character, he should have done so by witnesses who were present, this statement of counsel, according to the qualifications of his bill by the court, being in reply to argument of appellant's counsel, no error is presented.

#### ON REHEARING.

### 9.—Same—Charge of Court—On Self-Defense—Held Correct.

Where the court, in his main charge submitting the law of self-defense, instructed the jury that if appellant, in the light of all the facts and circumstances within his knowledge, believed that deceased was about to draw a pistol with which to attack him, he then fired at deceased, he would be justified in so firing, and would be further justified in continuing to fire as long as it reasonably appeared to him that his life or person was in danger at the hands of deceased, correctly presented the law covering the defensive theory and appellant's requested charge on the same issue was properly refused. Distinguishing Talbot v. State, 8 Tex. Crim. App. 316.

Appeal from the District Court of Ellis County. Tried below before the Hon. W. L. Harding, Judge.

Appeal from a conviction of manslaughter, penalty four years in the penitentiary.

The opinion states the case.

*Farrar & Kemble* and *W. P. Hancock,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction in District Court of Ellis County of manslaughter, punishment fixed at four years in the penitentiary.

We find in the record no bills of exception to the rejection or acceptance of testimony. Appellant's principal complaint is directed at the charge of the court.

We treat the various bills in the order in which they appear in appellant's brief. He asked special charge No. 2 to the effect that if he fired more than one shot and the jury believed he was justified in firing the first one, and it was a continuous transaction, they should acquit. This was correctly refused. It would need no argument to make clear the proposition that one unlawfully attacked may defend himself and need not retreat, and may continue his defensive acts as long as the danger appears imminent, but if the assailant flees or desists to the point where the danger passes and the accused is aware of this fact, it can not be said to be legal that he continue his violence to or attacks upon his antagonist so long as he pleases or until the death of his assailant, simply on the plea that the transaction was continuous. The principle evidently aimed at in this special charge appears fully covered by the main charge in paragraph sixteen wherein the jury were told, in substance, that if appellant was justified in firing the first shot, he would also be justified in continuing to fire so long as it reasonably appeared to him that his life or person was in danger at the hands of the deceased.

Appellant next assails paragraph seventeen of the charge, asserting that his right of self-defense is there made to rest solely on the fact of "an attempt to draw a pistol" on the part of deceased. Charges can not be tested solely by one paragraph, but all the charge must be looked to and taken together in determining the correctness of any particular part; and in paragraph fourteen of the charge we find the following:

"Now if you believe from the evidence that at the time of the homicide in question, E. M. Hines made some demonstration with his hand as if to draw a pistol, and from his acts, if any, or from his acts coupled with his words at the time, and just prior thereto, if any, it reasonably appeared to the defendant as

viewed from his standpoint at the time, in the light of all the circumstances existing at the time that the said E. M. Hines was about to attack him, the defendant, and that there was created in the mind of the defendant a reasonable expectation or fear of death or serious bodily injury at the hands of the said Hines, and that acting under such reasonable apprehension, if he did, he shot and killed the said Hines, or if you have a reasonable doubt that such are the facts then you will find the defendant not guilty."

This covers all the acts and conduct of deceased and puts appellant's right to act in self-defense upon the basis of his reasonable expectation (or belief) or fear of death or serious bodily injury at the hands of deceased.

It was in testimony that appellant shot at the deceased while the latter was fleeing, or at least retreating, so that it became necessary for the trial court to submit the law of retreat, and as a matter of course, his duty was to present both sides of the law of this issue. It would seem fair to tell the jury that even if appellant shot at deceased while the latter was retreating, still if appellant believed from the circumstances that deceased had not withdrawn from the difficulty, but was merely seeking a vantage ground from which to renew the attack or threatened attack—his right to protect himself and continue to shoot would not be taken away by such retreat: McMahon v. State, 46 Texas Crim. Rep. 548; St. Clair v. State, 49 Texas Crim. Rep. 483. We do not grasp appellant's objection to this part of the charge. One who continues alleged efforts to defend against or repel the attacks of another, whose acts in connection with the alleged attack are construed to be an abandonment of the difficulty cannot be held bound to know what the purpose and intent of his adversary is, in his apparent cessation of hostility; and if it reasonably appeared to him that his adversary had in good faith abandoned the difficulty, he could not further pursue and shoot said adversary. We are not in accord with that part of the opinion of this court in Coker v. State, 59 Tex. Crim. Rep. 241, 128 S. W. 138, which holds it error to tell the jury in the charge that if "it reasonably appear to defendant that he (referring to deceased) had abandoned same." To the extent of holding that said statement is unsound, the opinion in that case is overruled. We think the court's charge in the instant case in this particular is correct.

No witness testified or could testify as to which of the three shots fired by appellant was the "first fatal shot," and we think

the giving of any instruction attempting to direct the attention of the jury to an acquittal or to conviction, predicated on such "first fatal shot," would be on the weight of the evidence. The only testimony really before the jury on the point of the fatality of the shots or any of them, was to the effect that both shots which went through the body of deceased, entered from the back, and that the one through the stomach would likely have produced death, but that the one piercing the large artery of the heart did cause almost instant death.

The charge of the court must have been corrected after appellant reserved the exceptions thereto appearing in this record, because an exception appears based on the failure of the court to apply the doctrine of reasonable doubt as between the degrees of homicide, but the charge of the court in paragraph twelve and also in paragraph eight presents a correct application of this principle.

We see no reason for the court specifically attempting to apply the reasonable doubt as between manslaughter and self-defense. The law of reasonable doubt was stated in connection with every paragraph of the charge applying the law to the facts in the charge presenting the law of murder, of manslaughter, and also of self-defense.

The use of the words "just prior thereto" in paragraph fourteen of the charge wherein the court is defining those things which might create reasonable expectation or fear of death in the mind of the appellant, seems to us to in no sense restrict appellant's right of self-defense under the facts in this case. There was no claim of threats, former difficulties, prior grudges, etc., which might be looked to. Appellant's contention is that the language used in same kept the jury from taking into consideration the fact that some months before the homicide deceased showed appellant a pistol. Appellant testified that at the beginning of this fatal difficulty deceased put his hand down, or back in some way not accurately stated, and said "I have got as good or better gun as you," and that he, appellant, then shot deceased three times. We are not in accord with the proposition that the charge referred to deprived the jury of their right to consider the proposition of appellant owning a pistol. In fact no pistol was found on or around the body of deceased, and it was in testimony that the pistol belonging to deceased was down at his farm at the time the shooting occurred in the city of Waxahachie.

In view of the verdict finding appellant guilty only of man-

slaughter, under numerous holdings of this court the complaints of errors in the charge defining and in reference to manslaughter, but not impinging on appellant's right of self-defense, will not be discussed or reviewed.

Considering the qualification of the court and the favorable character of the verdict, we do not think the bill of exceptions complaining of the argument of the attorney assisting the State in the prosecution, of that harmful character which should call for a reversal of this case. The State made no effort to prove bad character on the part of the accused, and the argument referred to appears to be merely, in substance, a statement that if appellant desired to present that issue he should have done so by the testimony of witnesses who were present, this being, according to the court's view, in reply to argument of appellant's counsel.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's special charge No. 2, which was refused, sets out that even though the jury believe that he "fired more than one shot which hit the deceased and killed him, yet if you further believe that when the first of said shots was fired the defendant was justifiable under the law of self-defense as given you in my main charge, and thereafter subsequent shot or shots were fired by the defendant, hitting the said deceased, and that such shooting constituted one continuous transaction impelled by the same impulse on the part of defendant, then you will acquit the defendant." He insists that our opinion failed to take into consideration the phrase "impelled by the same impulse on the part of the defendant." We did consider, but did not discuss it, The court having told the jury in paragraph 16 of the charge that if appellant believed from his standpoint at the time, in the light of all the facts and circumstances within his knowledge, believed that deceased was about to draw a pistol with which to attack him * * * he then fired at deceased, he would be justified in so firing; and would be further justified in continuing to fire so long as it reasonably appeared to him that his life or person was in danger at the hands of deceased; and we were convinced that this fully and fairly presented the proposition embraced in said special charge in language plainer and more apt than is to be found in the submission of the question as to whether it was a continuous

transaction impelled by the same impulse. Nor is appellant's contention in this regard strengthened by his argument that paragraphs 17 and 18 of the charge submitted an abandonment of the difficulty. The court told the jury in paragraph 16 that if appellant was justified in firing the first shot, he had the right to continue to shoot as long as it seemed to him reasonably necessary. The special charge under discussion stated in substance that if appellant was justified in the first shot, and his subsequent shots were a continuous transaction, impelled by the same impulse, he would be justified, and refers to abandonment of the difficulty no more than paragraph 16 of the charge. We are not in accord with appellant's contention that paragraph 16 of the charge was an abstract instruction such as is criticised in Talbert v. State, 8 Texas Crim. App. 316, but are of opinion that it was a concrete statement of the law of this case.

We have carefully gone over the charge in the light of appellant's insistence in the various complaints appearing in his motion, but do not believe it as a whole subject to the criticisms made. Paragraph 14 thereof is quoted in our opinion and is believed to be a correct announcement of the law. Paragraph 17 relates to the abandonment of the difficulty, and was not on the same phase of the case as paragraph 14, and we do not think the statements occurring therein can be construed as hurtfully contradicted by any other parts of the charge.

Appellant insists that we were in error in stating that "both shots * * * entered from the back." If we should so change this, as to state that "According to the State's theory both shots * * * entered from the back," in response to appellant's insistence, this would not affect any legal conclusion reached by us.

We see no reason for changing our opinion as to the Coker case referred to therein. No man's right to act in self-defense can be limited to his knowledge of danger, but must always rest on what reasonably appears to him from his standpoint at the time. We see no distinction in his attitude before the law, whether the question be his right so to act when the danger impends or when the danger passes.

The motion for rehearing will be overruled.

*Overruled.*