### JOHN DAVIS v. THE STATE.

No. 15368. Delivered November 2, 1932.
Rehearing Denied January 25, 1933.
Reported in 56 S. W. (2d) 449.

The opinion states the case.

*Jones & Jones*, of Mineola, for appellant.

**518**

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, transporting intoxicating liquor; the punishment, five years in the penitentiary.

Peace officers had stationed themselves at a filling station near Alba. They saw an automobile approaching with the appellant driving it, and they tried to stop the car, but, instead of stopping, the appellant cut around the corner and started in the direction of Alba. The officers then got in another car and followed appellant, and, after they had started after the car, they noticed the occupants of the car breaking fruit jars and throw out the pieces and tops of said fruit jars, and saw them pouring whisky out of the car. The car the appellant was driving was one with two seats, and one Walter Mills was on the front seat with appellant and Mrs. Mills and Mrs. Davis, appellant's wife, were on the back seat. When the car finally stopped, the officers testified that it was soaked with whisky and the occupants of the car had whisky on their clothing. After they had stopped the car, the officers went back down the road and gathered up the fruit jars and a case that had been thrown out of the car. The fruit jar box the officers picked up was made to hold 12 half-gallon fruit jars. The officers also testified that they picked up seven fruit jar tops, and where they picked up the fruit jar tops they saw whisky on the ground where it had been poured out of the jars.

The appellant testified in his own behalf that he had gone with Walter Mills to Mineola at the request of the said Mills. He further testified that Mills stated to him that he couldn't drive a car, and that appellant, his wife, Walter Mills, and Mrs. Mills left Alba after dinner, and he drove the car, and Walter Mills was sitting on the front seat with him, and his wife and Mills' wife were on the back seat. When they got to Mineola he parked the car in front of Dr. Noble's office and Mrs. Mills stated that she was going to Dr. Noble's office; that they stayed in Mineola about four hours, and, when he got ready to leave Mineola, the car was still in front of Dr. Noble's office; that he didn't see any whisky in the car when they left Mineola, and didn't know there was any whisky in there; that, when they got to Pierce's filling station, somebody ran out and began to wave their hands; that he didn't recognize who it was; that it was a little before sundown; that later he heard somebody breaking something; that he didn't have anything to do with the breaking, and didn't know the whisky was in the car until Mills began to break it, and didn't have any interest in

the whisky, and would not have driven the car if he had known that the whisky was in the car.

It seems from the record that Mills had previously been tried upon this case and had testified as a witness in that case, and by agreement of the parties it was agreed that the testimony of Walter Mills given in the case of the State of Texas v. Walter Mills, tried in the district court of Wood county, might be read to the jury as part of this case. The effect of this testimony was that Mills invited Davis to go along with him to Mineola that day, and, while they were in Mineola, he purchased the whisky, which was a gallon in four quart jars, from a party whose name he could not give. It was a tall dark fellow; that the whisky was in a case in fruit jar bottles and was put in the car, and John Davis did not have any interest in that whisky and did not know it was put in there, and about 20 minutes after the whisky was put in the car they left Mineola; that they saw Mr. Douglas, and somebody told them to stop, and he told appellant that it was not any use stopping, to drive on down the road, and he broke the whisky and didn't anybody break any of the whisky except him; that he bought the whisky for his wife, who had been in bad health, and he bought that much so that he would not have to make so many trips; that he did not have it for sale.

Bill of exception No. 2 complains of the action of the district attorney in asking the appellant, while a witness in his own behalf, the following question: "You were tried by a jury of citizens in this county and they convicted you?" The bill shows that the district attorney on cross-examination of the appellant had asked him if he had not previously been convicted of the offense of possession of whisky for the purpose of sale, and said witness, without any objection thereto, had testified that he had been so convicted. The bill further shows that the question complained of was not answered, and upon the objection of the appellant the trial court sustained the objection to the question, and the jury were instructed by the court not to consider said question so asked the appellant. We do not consider that the bill as presented shows such error as would call for reversal.

Bill of exception No. 3 complains of paragraph 4 of the court's charge because the same was a charge upon an abstract proposition of law, and did not apply the law to the facts of the case, and did not instruct the jury that defendant could not be guilty on the mere fact that he drove said car, unless he was also instrumental in placing said whisky in said car or knew

that same had been placed in said car. The paragraph complained of is as follows: "If you find from the evidence that the defendant, John Davis, on or about the time and at the place charged in the indictment, either alone or acting as a principal with another, under the law of principals hereinbefore given you in this charge, did unlawfully transport spirituous liquor capable of producing intoxication, then you will find him guilty as charged in the indictment and assess the proper punishment therefor; unless you so find, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

In the succeeding paragraph 5, the jury is told in substance, that if the appellant did get in the automobile on the occasion in question and ride with Walter Mills and other persons to where said automobile was stopped, but that they further find that the appellant was not connected with or interested in the transportation of said liquor contained in said car, and did not know of said liquor being there, and did not aid by acts the said Walter Mills in the transportation of said liquor, or if they had a reasonable doubt thereof, they would find the appellant not guilty.

Bill of exception No. 5 complains that the court erred in the fifth paragraph of his charge to the jury because the same was confusing and contradictory and did not clearly set out defendant's defense and did not apply the law to the theory raised by defendant's evidence. The qualification to said bill shows that the court, after said objection had been presented to him, interlined in the original charge certain words so as to meet said objection. There is no exception appearing in the record as to said paragraph 5 of the court's charge after it had been interlined and amended to meet the objection of the appellant. If appellant was still dissatisfied with the charge as corrected, it would be necessary for him to file exceptions to the amended charge in order to avail himself of such objections. Jackson v. State, 103 Texas Crim. Rep., 252, 280 S. W., 808.

Bill of exception 10A complains that while the district attorney was making his closing argument to the jury in this case, he stated to the jury that "this defendant is a rum hound," to which remark appellant objected because improper and inflammatory. The qualification to the bill by the court shows that he gave to the jury a written charge instructing them not to consider said argument.

There is nothing in this bill which shows the connection in which this statement was made or how or in what connection it was used. Under the bill as it appears, we cannot say that

the matter complained of was of that character which was clearly calculated to prejudice the rights of the appellant or to prejudice him in the eyes of the jury. It seems from the qualifications that the remarks were withdrawn from the jury and the jury instructed not to consider them. See Branch's Ann. P. C., sec. 362; Barkman v. State, 41 Texas Crim. Rep., 109, 52 S. W., 73; Maxwell v. State, 69 Texas Crim. Rep., 248, 153 S. W., 324; Alexander v. State, 40 Texas Crim. Rep., 404, 49 S. W., 229.

Several other bills of exception complain of the court's charge as being upon the weight of the testimony and an improper presentation of the law. Charges must be construed in their entirety to determine the correctness of any particular part. See Hardin v. State, 104 Texas Crim. Rep., 178, 283 S. W., 517; Lewellen v. State, 104 Texas Crim. Rep., 550, 286 S. W., 224. Taking the charge as a whole, we are not led to believe that the inaccurate manner in which in some respects it was framed could, under the testimony, have affected appellant's rights. Hence, under the provisions of article 666, Code of Criminal Procedure, we would not be warranted in ordering a reversal.

We note that the verdict of the jury finding the appellant guilty assessed his punishment at five years in the penitentiary and the sentence fixed his punishment at confinement in the penitentiary for a straight term of five years. The sentence will therefore be reformed so as to assess appellant's punishment at confinement in the penitentiary for an indeterminate period of not less than one year nor more than five years, and, as so reformed, no reversible error appearing, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant became a witness in his own behalf, and testified that he was unaware that there was whisky being transported in the car in which he was riding. On cross-examination he testified that he had been convicted two weeks before the present trial for violating the liquor law; that he was charged in two cases for selling liquor; that he had been indicted in "this court" for possessing liquor for the purpose of sale.

The main charge consists of nine subdivisions, and ends on page 10 of the transcript. No reference is made therein to the previous offenses of which the appellant had been charged and convicted. On page 11, however, is a supplemental charge of which the second subdivision reads as follows: "The Court has submitted for your consideration testimony showing that the defendant stands charged by indictment for other felony offenses. Also, that the defendant has been convicted for the sole and only purpose *for your consideration in passing upon the credibility of the testimony of the defendant* given upon the witness stand and you will not and must not consider it for any other purpose whatsoever. In no event can you convict the defendant for any other offense than the one for which he is now standing trial."

On page 13 are various exceptions to the court's charge. Subdivision 6 is directed to the paragraph of the supplemental charge quoted above. Such subdivision is as follows: "Defendant excepts to said charge of the court as a whole, because the same now here instructs the jury the legal effect of the proof that this defendant has been charged and convicted of other offenses, but leaves the same open for the jury to consider for any purpose they see fit."

On page 16 of the record is paragraph 8 of the appellant's objections, which reads as follows: "Defendant excepts to paragraph 2 of the Court's supplemental charge because same does not correctly instruct the jury upon the issue therein submitted, and because same is upon the weight of the evidence."

Complaint of paragraph 2 is also embraced in Bill of Exception No. 9.

In his brief the appellant complains that paragraph 2 of the charge is violative of his rights, and cites Lozano v. State, 83 Texas Crim. Rep., 174, 202 S. W., 510, 511, and Stull v. State, 47 Texas Crim. Rep., 547, 84 S. W., 1059. In the Lozano case, supra, the instruction given to the jury and the comment of the court upon it is as follows:

" 'The State was also permitted by the court to elicit from the witness Andres Pena that he had been indicted, tried, and acquitted for the killing of Carlos Nacke. I charge you that same was admitted by the court for the sole purpose of affecting the credibility of the witness Andres Pena testifying in this case, and you shall consider it for no other purpose.'

"This character of evidence is admissible for impeaching purposes, but the jury should not be told that it does impeach. Such charge is upon the weight of the evidence. The charge

should have been so given as to not suggest to the jury that it did affect his credibility. The jury should be left free to consider it for impeaching purposes, or as affecting his credibility. They might consider it for that purpose. The jury are the judges of the weight of the testimony and the credibility of the witnesses."

The charge in the Stull case, supra, like that in the Lozano case, quoted above, was held bad for the reason that its effect was the sole purpose of affecting the credibility of the witnesses. It is unlike the charge in the present case in which it is said that the evidence was admitted "for the sole and only purpose for your consideration in passing upon the credibility of the testimony of the defendant given upon the witness stand." The distinction seems evident. The vice in the charge in the cases mentioned is not found in that of which complaint is made upon the present appeal.

The motion for rehearing is overruled.

*Overruled.*