## T. B. WATSON V. THE STATE.

No. 17275.   Delivered March 6, 1935.

The opinion states the case.

*Taylor & Irwin,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of simple assault and battery, and his punishment was assessed at a fine of $25.00.

The testimony adduced on behalf of the State is in substance as follows:   On the night of May 6, 1934, there was a dance in progress at Central Avenue in the city of Dallas which was attended by quite a number of negroes, including the appellant and the injured party.   The appellant was a musician and on this occasion played a piano in the band.   Soon after DeWitt Moore and his wife arrived at the dance, Moore gave the appellant fifty cents with which to purchase some whisky for the band boys.   The appellant took the fifty cents and presently returned with half a pint of whisky, took a drink and set it down. Moore asked the appellant to pass it around to the boys and also asked what the whisky cost, to which the appellant replied, "Twenty cents."   Moore then asked the appellant to give the thirty cents to Joe Williams from whom he had borrowed the

fifty cents, to which appellant replied, "You think I want to run off with your change?", to which Moore replied, "It is not my change. I borrowed the fifty cents," whereupon appellant jumped up, threw his coat over his shoulder, pulled a pistol and shot twice in quick succession, striking Algoma Moore, wife of DeWitt Moore, in the leg. The appellant's version of the affair is that DeWitt Moore walked up to the bandstand, picked up a half-pint of whisky which was sitting on the piano and drank some of it. The appellant informed Moore that he had paid for it and asked Moore if he was going to pay him, the appellant, whereupon Moore said, "How much is it?" Appellant replied, "It cost twenty cents." Moore then borrowed fifty cents from a friend and handed it to the appellant. The appellant, after procuring the necessary change, handed thirty cents of it to the person from whom Moore had borrowed it. Moore demanded the change and when he did so appellant told Moore that he had given it to the person from whom he, Moore, had borrowed the fifty cents. Moore then made a jump toward appellant and said, "I will kill you about the thirty cents," whereupon appellant went to the locker, got his pistol, returned to the piano and went to playing, when Moore again advanced toward appellant and when he, Moore, did so, appellant began shooting, which resulted in the wounding of Algoma Moore in the leg.

The appellant objected to the court's main charge on the law of self-defense because said charge failed to instruct the jury that as a matter of law the defendant may exercise the right of self-defense even though no attack had been made upon him at the time, and appellant further objected to the court's main charge upon the ground that the court failed to charge upon the law of apparent danger. Appellant also objected to the court's action in declining to give his special requested instruction on the law of self-defense and on the law of apparent danger. While the abstract statement of the law in the court's charge is somewhat inaccurate, yet the court's charge as a whole leads us to the conclusion that the court in his application of the law to the facts adequately and pertinently presented the appellant's defensive theory as raised by the testimony and that no reversible error was committed by the court in declining to submit to the jury the appellant's requested special charge. If, however, the charge was subject to the criticism addressed to it, yet it would not be such error as would authorize this court to reverse the case under art. 666, C. C. P. See also Davis v. State, 56 S. W. (2d) 449.

The appellant's next complaint relates to the following argument of the district attorney, to-wit: "There the defendant was with a gun standing two feet from the door where he could have gotten out and therefore prevented shooting at DeWitt Moore." The appellant's contention is that this argument was tantamount to telling the jury that defendant could have retreated and avoided the necessity of repelling his assailant, which was contrary to that part of the court's charge in which the court instructed the jury that "the party whose person or property is unlawfully attacked is not bound to retreat in order to avoid the necessity of killing his assailant." While the argument of the district attorney, viewed in the light of the testimony on behalf of the appellant, might have a tendency to lead to such a conclusion, yet the testimony for the State showed that the appellant was the aggressor and that if he didn't intend to have any trouble and didn't intend to shoot at DeWitt Moore, he could have stepped out of the door and avoided shooting at him. We do not believe that in view of the testimony in this case the argument complained of was of such prejudicial nature as requires a reversal of the judgment.

No reversible error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.